McCALEB, Justice
(concurring).
It is my opinion that the allegations of plaintiffs’ petition bring the case squarely within the provisions of Article 794 of the Civil Code. The pertinent portion of that Article declares:
“The servitude is preserved to the owner of the estate to which it is due, by the use which any one, even a stranger, makes of it, provided it be used as appertaining to the estate.
“Thus the servitude is preserved to the owner by the use which a possessor in bad faith, who is in possession of the estate to whom [which] it is due, makes of the servitude.” (Italics mine)
The use by the lessee of the landowner in this matter, although unauthorized, was a use appertaining to the mineral estate as the right of search and discovery of minerals was one which belonged exclusively to the mineral owners. This conclusion is made very clear by the illustrative second paragraph of the article declaring that the servitude is preserved to the owner by the use which a possessor in bad faith, who is in possession of the estate to which it is due, makes of the servitude. It follows then that plaintiffs are entitled to claim herein that the drilling of the well by the lessee of the landowner has effectually interrupted the running of prescription.
For these reasons, I respectfully concur.